### L. A. TALLEY V. THE STATE.

No. 9339.   Delivered October 16, 1925.

**Selling Intoxicating Liquor—Misconduct of Jury—Reversible Error.**

Where, on a trial for the sale of intoxicating liquor, the jury in retirement while considering the case, were told by several members of the jury, that aside from the testimony of the witnesses, they had been informed that this appellant and people in his neighborhood had been engaged in the selling of liquor, such misconduct necessitates the reversal of the cause.

Appeal from the District Court of Stephens County.    Tried below before the Hon. C. O. Hamlin, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty two and one-half years in the penitentiary.

The opinion states the case.

*W. L. Shurtleff* of Breckenridge, for appellant.

*Sam D. Stinson*, State's Attorney, and *Nat Gentry, Jr.*, Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—From conviction in the District Court of Stephens County for the offense of selling intoxicating liquor, with punishment fixed at two and one-half years in the penitentiary, this appeal is taken.

There are two bills of exception in the record, the first of which presents appellant's complaint of misconduct of the jury which tried him.   Upon the hearing of his motion for new trial appellant presented the oral testimony of a number of the jurors, and without stating at length the testimony of each, we observe that the jurors were practically unanimous in their testimony that statements were made by a number of the jurors while in retirement, that aside from the testimony of the wit-

nesses, they had been informed that this appellant and people in his neighborhood had been engaged in the selling of liquor. The fact that much of this discussion took place after the jurors had agreed upon a verdict of guilty, would not seem to remove the vice of the illegal argument, as it was used in the jury room to increase the penalty and to induce some jurors holding out for a low penalty to agree with their brethren in inflicting a heavier penalty.

The remaining bill of exceptions relates to argument of State's counsel which will probably not occur upon another trial.

For the error mentioned the judgment will be reversed and the cause remanded.

*Reversed and remanded.*